THE HONORABLE JOHN C. COUGHENOUR
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTISS WILSON,

Plaintiff,

v.

JOHN OR JANE DOE, Director of the Department of Licensing, et al.,

Defendants.

CASE NO. C15-629 JCC

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Horton's Towing Motion for Summary Judgment (Dkt. No. 57), Plaintiff's Opposition (Dkt. No. 61), and Defendant's Reply (Dkt. No. 62), as well as Plaintiff's Motion for Summary Judgment (Dkt. No. 60), Horton's Response (Dkt. No. 64), the United States' Response and Cross-Motion for Summary Judgment and/or to Dismiss (Dkt. No. 65), and Plaintiff's Reply (Dkt. No. 66). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant Horton's motion, DENIES Plaintiff's motion, and GRANTS the United States' Motion for the reasons explained herein.

## I. BACKGROUND

On October 22, 2014, Plaintiff Curtiss Wilson was stopped by a Lummi Tribe police officer while driving on the Lummi Reservation[1] after drinking at the Lummi Casino. (Dkt. No. 4-1 at 2.) Lummi Tribal Police Officer Grant Austick stopped Plaintiff, searched his 1999 Dodge Ram Pickup, and developed probable cause that Plaintiff was committing a DUI. (Dkt. No. 4-1 at 2.) Officer Austick then called the Washington State Patrol and Plaintiff was arrested. (*Id.* at 3.)

[1] The Lummi Tribe of the Lummi Reservation is a federally recognized tribe. *Indian Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs*, 81 Fed. Reg. 5021 (Jan. 29, 2016).

Plaintiff's truck was towed by Defendant Horton's Towing and impounded at the direction of the Washington State Trooper. (*Id.*)

The following day, Lummi Tribal Police Officer Brandon Gates presented a "Notice of Seizure and Intent to Institute Forfeiture" ("Notice of Seizure") from the Lummi Tribal Court of the Lummi Tribe to Horton's Towing. (Dkt. No. 4-1 at 3–4, 9.) The seizure and intent to institute forfeiture of Plaintiff's vehicle was based on violations of the Lummi Nation Code of Laws ("LNCL") 5.09A.110(d)(2) (National Indian Law Library 2016) (Possession of Marijuana over 1 ounce), and authorized by LNCL 5.09B.040(5)(A) (National Indian Law Library 2016) (Civil forfeiture section addressing Property Subject to Forfeiture, specifically motor vehicles used, or intended for use, to facilitate the possession of illegal substances.) (Dkt. No. 4-1 at 9.) Horton's Towing released the truck to the Lummi Tribe. (*Id.* at 3–4).

Plaintiff brought suit in Whatcom County Superior Court and the case was removed. (Dkt. No. 1.) Plaintiff originally brought claims for outrage, conversion, and relief under 42 U.S.C. §§ 1983 and 1988. (Dkt. No. 4-1 at 7–8.) All of Plaintiff's claims, save conversion, have been previously dismissed either voluntarily or by Court order. (*See* Dkt. Nos. 25, 35, and 53.) Plaintiff's conversion claim against both Horton's and the United States is based on Horton's release of the vehicle to the Lummi Tribe pursuant to the order served by Gates.[2] (Dkt. No. 4-1 at 6.)

Defendant Horton's moves for summary judgment, claiming the release of the vehicle was pursuant to the Notice of Seizure, and therefore with lawful justification. (Dkt. No. 57.) Plaintiff argues in response that the Notice of Seizure is invalid or not enforceable off the reservation. (Dkt. No. 61.)[3] The United States moves for summary judgment based on, *inter alia*,

---

[2] The United States has been substituted as a party for Defendant Brandon Gates. (Dkt. No. 53.)

[3] Plaintiff proffers a header apparently regarding negligent bailment in Dkt. No. 61 at 6. *See Jama v. United States*, No. C09-0256-JCC, 2010 WL 1980260, at *15 (W.D. Wash. May 17, 2010) *aff'd in part sub nom. Jama v. City of Seattle*, 446 F. App'x 865 (9th Cir. 2011) (explaining the differences between

Plaintiff's failure to exhaust his administrative remedies. (Dkt. No. 65.) In response, Plaintiff regurgitates failed arguments from previous briefing, relying on an overturned, out-of-Circuit case and "maintaining" a line of reasoning with respect to Brandon Gates and the scope of employment that this Court has already ruled against. (Dkt. No. 66.)

## II. DISCUSSION

### A. Standard of Review

A court may enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Conversion, the sole remaining claim in this case, is (1) the act of willfully interfering with any chattel, (2) without lawful justification, (3) whereby any person entitled thereto is deprived of the possession of it. *Judkins v. Sadler-MacNeil*, 376 P.2d 837 (Wash. 1962), *Davenport v. Wash. Educ. Ass'n.*, 197 P.3d 686 (Wash. Ct. App. 2008).

---

conversion and negligent bailment in under Washington State law). The court will not consider new claims on summary judgment. (Dkt. No. 49 at 2.)

### B. Horton's Towing Motion for Summary Judgment

The parties are in agreement as to the facts reviewed above. Plaintiff asserts that "the legal question presented is whether a tribal court has jurisdiction over a non-tribal member to forfeit his automobile if the tribal prosecutorial authorities can establish probable cause to believe that he has used his automobile to transport illegal drugs inside an Indian reservation." (Dkt. No. 61 at 2–3.)[4] This question of law requires a determination of the Lummi Tribe's jurisdiction. However, Plaintiff has not exhausted his tribal remedies with regard to this exercise of jurisdiction. (*See* Dkt. No. 4-1.)

#### 1. Plaintiff was Required to Exhaust Remedies in Tribal Court

A federal court has subject-matter jurisdiction to determine whether a tribal court has exceeded the lawful limits of its jurisdiction. *Strate v. A-1 Contractors*, 520 U.S. 438, 451 (1997). However, exhaustion of the issue is required in the tribal court prior to pursuing a remedy for judicial over-reaching in federal court under comity principles. *Wellman v. Chevron U.S.A., Inc.*, 815 F.2d 577, 578 (9th Cir. 1987). The Supreme Court held in *National Farmers Union Insurance Companies v. Crow Tribe of Indians* that a challenge to the exercise of civil jurisdiction by a tribe "should be conducted in the first instance in the Tribal Court itself." 471 U.S. 845, 856 (1985). In so determining, the Supreme Court emphasized the understanding that, "Congress is committed to a policy of supporting tribal self-government and self-determination." *Id.* The *National Farmers Union* exhaustion requirement holds true whether the court's jurisdiction is based on diversity or a federal question. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1987).

---

[4] Plaintiff asserts additional legal questions, including that "the question presented is whether the service of Lummi Notice of Seizure upon Horton's was a lawful justification for its action in releasing [P]laintiff's truck to the Lummi Police Officer," (Dkt. No. 61 at 2) based on the alleged lack of "legal basis for civil jurisdiction of forfeitures." (*Id.*), and that "A secondary question could be whether the 1999 Ram Pickup was lawfully seized by the Lummi Nation Officer Brandon Gates by his service of the Lummi Nation forfeiture process upon Horton's outside the territorial limits of the Lummi Nation." (*Id.* at 3). These questions need not be reached because dismissal is warranted based on principals of comity.

The Ninth Circuit has reiterated this stringent exhaustion requirement. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 920 (9th Cir. 2008). "Principles of comity *require* federal courts to dismiss or to abstain from deciding claims over which tribal court jurisdiction is 'colorable,' provided that there is no evidence of bad faith or harassment." (*Id.*) (emphasis added.) This requirement is not discretionary, but "mandatory." *Id.* The Ninth Circuit in *Stock W. Corp. v. Taylor* held that "the orderly administration of justice in the federal court will be served by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed." 964 F.2d 912, 919 (9th Cir. 1992).

Here, there is no indication of bad faith or harassment, and nothing pled that would support a departure from Ninth Circuit and Supreme Court precedent. The Lummi Nation has a "colorable" claim of jurisdiction as it is undisputed that the transactions forming the basis of Plaintiff's case "occurred or were commenced on tribal territory." *Stock W. Corp.*, 964 F.2d at 919 (internal quotations omitted). In sum, the Court may not hear Plaintiff's case as it requires the Court to challenge the Lummi Nation's jurisdiction without providing the tribe the opportunity to first examine the case. Accordingly, as there remains no genuine dispute of material fact and Horton's towing is entitled to judgment as a matter of law, summary judgment for Horton's is warranted.

**2. Further Support for Summary Judgment**

**a. Plaintiff's Cited Authority is Irrelevant**

Plaintiff relies on *Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191 (1978) as authority for the premise that forfeiture of his truck was impermissible. (Dkt. No. 61 at 3.) However, *Oliphant* does not apply to civil matters, and the forfeiture, though instigated by Plaintiff's criminal activity, was civil in nature. *National Farmers Union*, 471 U.S. 845, 855–57 (1985).

It is undisputed that Plaintiff violated tribal law by possessing approximately three pounds of marijuana, on tribal land, using his vehicle to transport the marijuana. (*See* Dkt. No. 4-

1 at 9.) The forfeiture of a vehicle used for illegal purposes is a civil matter under Lummi law. *See* LNCL 5.09B.040(5)(A) (National Indian Law Library 2016) (Civil forfeiture section addressing "Property Subject to Forfeiture," specifically motor vehicles used, or intended for use, to facilitate the possession of illegal substances.). The statute also makes clear that "Criminal prosecution under Chapter 5.09A of this Title is neither precluded by, nor required for, civil forfeiture under Chapter 5.09B of this Title." LNCL 5.09B (National Indian Law Library 2016).[5] Accordingly, *Oliphant* is of no use to Plaintiff's position.

Moreover, Plaintiff doubles-down on his use of out-of-circuit authority already rejected by this court (*see* Dkt. No. 53 at 3–4), bewilderingly acknowledging that the opinion has been vacated and going on to state: "Plaintiff embraces and adopts it reasoning." (Dkt. No. 66 at 2) (citing *Miner Electric, Inc. v. Muscogee (Creek) Nation*, 464 F. Supp. 2d 1130 (N.D. Okla. 2006), vacated, 505 F.3d 1007 (10th Cir. 2007)).

**b. Plaintiff Does Not Qualify for an Exception to the Exhaustion Requirement**

While the exhaustion of tribal remedies requirement has several exceptions, Plaintiff has not validly asserted any of them. Exhaustion is not required where: (1) an assertion of tribal jurisdiction is "motivated by a desire to harass or is conducted in bad faith," (2) the action patently violates express jurisdictional prohibitions, (3) exhaustion would be futile because of a lack of adequate opportunity to challenge the court's jurisdiction, or (4) it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land as established by the Supreme Court in *Montana v. United States*, 450 U.S. 544 (1981). *Iowa Mut. Ins. Co.*, 480 U.S. at 19 n.12;

---

[5] Under Washington State law, forfeiture of a vehicle used to transport illegal substances is also a civil matter, contrary to Plaintiff's outdated and inapplicable citation to *Deeter v. Smith*, 721 P.2d 519 (Wash. 1986). If the law were persuasive in any way, Plaintiff's characterization of the nature of forfeiture in this case as "quasi-judicial" on one page and "civil in nature" on the following page, without explanation for the contradiction, would likely defeat such persuasion. (Dkt. No. 61 at 4–5.)

*Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1205 (9th Cir. 2013).

Plaintiff attempts to argue that an exception to the exhaustion requirement applies under *Montana v. United States*. (Dkt. No. 61 at 5) (citing 450 U.S. 544 (1981)). *Montana* set out the general rule that, absent congressional direction to the contrary, Native tribes lack civil authority over the conduct of nonmembers on non-Tribal land within a reservation. 450 U.S. 544 (1981). In *Strate v. A–1 Contractors*, the Supreme Court clarified the relationship between the *Montana* case and the exhaustion requirement of *National Farmers Union* and *Iowa Mutual*. 520 U.S. 438 (1997). "Recognizing that our precedent has been variously interpreted, we reiterate that *National Farmers* and *Iowa Mutual* enunciate only an exhaustion requirement . . . These decisions do not expand or stand apart from *Montana*'s instruction on the inherent sovereign powers of an Indian tribe." *Id.* at 453. *Strate* went on to examine whether an action arising out of a traffic accident on a state highway that ran through tribal land was subject to tribal jurisdiction, finding that it was not. *Id.* at 455–56.

To fall within the exhaustion exception of *Montana*, it must be "plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by *Montana*'s main rule," and "equally evident that tribal courts lack adjudicatory authority over disputes arising from such conduct." *Strate*, 520 U.S. at 459 n.14 (1997). However, when "*Montana's* main rule is unlikely to apply to the facts of this case," the *Strate* exception does not apply because "[T]he tribal court does not plainly lack jurisdiction." *Grand Canyon Skywalk Dev., LLC*, 715 F.3d at 1204.

This case is factually distinct from *Montana* and *Strate* such that the exhaustion requirement must be enforced. The Lummi Tribe's jurisdiction is based on events that occurred on federal trust land and a state highway. The Ninth Circuit recently held that a state highway is still within Indian country. *Bressi v. Ford*, 575 F.3d 891, 896 (9th Cir. 2009) ("the state highway is still within the reservation and is part of Indian country . . . The tribe therefore has full law enforcement authority over its members and nonmember Indians on that highway"). Indian

country means "all land within the limits of any Indian reservation under the jurisdiction of the United States Government . . . including rights-of-way running through the reservation. 18 U.S.C. § 1151. Under Ninth Circuit precedent, Plaintiff's violations of tribal law occurred within Indian country, and the exception to the exhaustion requirement established by the main rule in *Montana* does not apply. *Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1205 (9th Cir. 2013). Accordingly, the exhaustion rule established in *Farmers Union* and *Iowa Mutual* applies, and Plaintiff is not excused from this requirement.

**c. Adjudicating Lummi Tribal Court Jurisdiction Without the Nation as a Party May Violate Fed. R. Civ. Pro. 19**

By seeking relief from a tribal forfeiture order on the basis that the Lummi Tribal Court lacked jurisdiction, in the context of a conversion claim against an unrelated third party, Plaintiff seeks a determination of a sovereign nation's jurisdiction without joining the Nation as a party. This raises questions of whether the case is permissible under Fed. Rul. Civ. Pro. 19. *See, e.g., Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996) (In reviewing a district court decision to dismiss a case where tribal interests were at stake, but the tribe was not joined, "The district court determined that, although the factors were not clearly in favor of dismissal, the concern for the protection of tribal sovereignty warranted dismissal."); *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) ("[T]he absent tribes have an interest in preserving their own sovereign immunity, with its concomitant "right not to have [their] legal duties judicially determined without consent." *Enterprise Mgt. Consultants v. U.S. ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989).

**d. Plaintiff's Argument That the Order Would Not Have Been Enforceable Even if Valid Fails**

Finally, Plaintiff appears to argue that even if the Lummi order were valid, it should not have been enforceable off the reservation without a Superior Court determination, citing "CR 82.5" (apparently Wash. CR 82.5(c)). Wash. CR 82.5(c) reads:

> "The superior courts of the State of Washington shall recognize, implement and enforce the orders, judgments and decrees of Indian tribal courts in matters in which either the exclusive or concurrent jurisdiction has been granted or reserved to an Indian tribal court of a federally recognized tribe under the Laws of the United States …."

Plaintiff's citation makes clear that Superior Courts must carry out Tribal orders, but offers no authority to support the idea that a private entity may not voluntarily comply with a Tribal order off of Indian Country. In brief, the rule cited by Plaintiff only further weakens his case.

For all of the foregoing reasons, Defendant Horton's Motion for Summary Judgment (Dkt. No. 57) is GRANTED.

**C. Government's Motion for Summary Judgment**

The United States similarly moves for summary judgment based on, *inter alia*, Plaintiff's failure to exhaust his administrative remedies with the Bureau of Indian Affairs ("BIA"). (Dkt. No. 65.) Plaintiff may only assert his conversion claim against the United States under the Federal Tort Claims Act ("FTCA"), which requires an exhaustion of administrative remedies prior to filing suit. 28 U.S.C. § 2675.

In relevant part, the FTCA provides:

> "An action shall not be instituted upon a claim against the United States for . . . injury or loss of property . . . unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

The Court has already ordered that, for the purposes of this case, Officer Brandon Gates is deemed to have been an employee of the BIA in carrying out his law enforcement duties for the Lummi Nation. (Dkt. No. 53.) Accordingly, Plaintiff was required to present his claim to the BIA prior to bringing a claim for conversion under the FTCA.

It is undisputed that Plaintiff has not presented his claims to the BIA. (Dkt. No. 27 at 2.) The law in this area is clear: the Court does not have jurisdiction to hear Plaintiff's case against

the United States. *McNeil v. United States*, 508 U.S. 106, 112–113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.")

While Plaintiff may object to this ruling because his original complaint named Officer Gates, and not the United States, as a party, this question will not be relitigated for a third time. The Court considered the appropriateness of this substitution during previous rounds of briefing. (Dkt. Nos. 39, 53, and 55.) However, Plaintiff may present his claim to the BIA within sixty (60) days of this order pursuant to 28 U.S.C. § 2679(d)(5).

The Government's Motion for Summary Judgment and/or to Dismiss (Dkt. No. 65) is GRANTED.

**D. Plaintiff's Motion for Summary Judgment**

Finally, Plaintiff's cursory Motion for Summary Judgment and attached declaration does nothing to rebut the appropriateness of summary judgment in Defendants' favor. (Dkt. No. 60.) Rather, Plaintiff repeats the circumstances of his DUI and loss of his truck. The Court appreciates that the temporary loss of his vehicle caused Mr. Wilson—who has a limited, fixed income—great inconvenience, even distress. However, this does not establish a genuine dispute of material fact in his case: rather, the facts are essentially undisputed. Not only has Plaintiff has not established that his truck was seized without legal justification; he has not established that this Court has the jurisdiction to hear his case.

Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 60) is DENIED.

**III. CONCLUSION**

For the foregoing reasons, both Defendants' Motions for Summary Judgment (Dkt. Nos. 57 and 65) are GRANTED and Plaintiff's Motion (Dkt. No. 60) is DENIED. The above-captioned matter is hereby dismissed with prejudice.

//

DATED this 29th day of March 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE - 11